IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

APR 18 2017
CLERK, U.S. DIST. CT.
ALEXANDRIA, VIRGINIA

Larry Maurice White,
    Petitioner,

v.     1:16cv1235 (LO/TCB)

Harold W. Clarke,
    Respondent.

## MEMORANDUM OPINION

Larry Maurice White, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his robbery and probation violation convictions in the Circuit Court for the City of Norfolk. On February 8, 2017, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Dkt. No. 13-15. After receiving an extension of time, petitioner filed a Motion to Deny the Respondent's Motion to Dismiss. Dkt. No. 28. For the reasons that follow, respondent's Motion to Dismiss will be granted, petitioner's Motion to Deny the Respondent's Motion to Dismiss will be denied, and the petition will be dismissed, with prejudice.

### I. Background

Petitioner is detained pursuant to a final judgment of the Circuit Court for the City of Norfolk, entered January 11, 2013. Case No. CR11001357. Pursuant to a written plea agreement, plaintiff pled guilty to one count of robbery, in violation of Virginia Code § 18.2-58. Id. Petitioner was sentenced to fourteen years imprisonment, with ten years suspended, for the robbery conviction. Id. As a result, petitioner's probation was revoked, and he was sentenced to an additional seven years imprisonment. Id.

Petitioner pursued a direct appeal to the Court of Appeals of Virginia, which affirmed petitioner's convictions. Record No. 0212-13-1. The Supreme Court of Virginia subsequently refused his petition for appeal. Record No. 140125

After pursuing his direct appeal, petitioner timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Record No. 151400. The Supreme Court of Virginia stated the facts as follows.

> Petitioner pled guilty pursuant to a written agreement that called for his sentence to be capped at the midpoint of his guidelines' range.[1] In exchange for his guilty plea, the Commonwealth moved to nolle prosequi indictments for possession of a firearm by a convicted, violent felon and use of a firearm in the commission of a felony, which carried a combined mandatory minimum sentence of eight years' imprisonment. At the conclusion of the plea hearing, the Commonwealth represented that the midpoint of petitioner's guidelines range was nineteen years and three months. Petitioner was not asked if this was his understanding, but he did not voice any objection and the trial court accepted his plea as knowing, intelligent, and voluntary.[2]
>
> Three weeks later, and prior to sentencing, petitioner moved to withdraw his guilty plea.[3] Petitioner alleged trial counsel promised petitioner he would receive a maximum sentence of seven years. At a hearing on petitioner's motion, petitioner and his witnesses testified counsel had promised petitioner he would "do no more than three to five years," which counsel denied. As a defense to the robbery charge, petitioner claimed he was innocent and argued he had a right to take the victim's property because the victim owed petitioner money for marijuana. The circuit court made a factual finding that the trial counsel told petitioner he would receive an active sentence of three to five years and that petitioner had therefore established a good faith basis for withdrawing his plea. However, the circuit court also found petitioner had failed to establish he had a reasonable defense, a necessary predicate to the withdrawal of his plea. The court therefore denied petitioner's motion to withdraw his guilty plea. The circuit court then found it was obliged to impose an active sentence of only four years because of trial counsel's promise. Thus, petitioner received an active sentence within the range he contends induced his plea. Additionally, petitioner does not allege the suspended portion of his sentence would have in any way impacted his decision to

---

[1] The plea agreement also called for "such other suspended time, fines, and terms and conditions of Probation that the Court deems appropriate." Case No. CR11001357.

[2] At the time petitioner pled guilty he was represented by attorney Duncan St. Clair. Case No. CR11001357.

[3] At this point in the proceedings, St. Clair withdrew as counsel and petitioner was represented by attorney Jennifer Stanton. Case No. CR11001357.

2

plead guilty. Had petitioner proceeded to trial and been convicted of the original charges, he faced a potential sentence of life plus eight years' incarceration.

***

> [C]ounsel appointed to represent petitioner at the hearing on his motion to withdraw his guilty plea wrongly stated petitioner's reasonable defense was that he was exercising his right to reclaim his property. Petitioner contends his defense was that he did not rob the victim. Petitioner argues a reasonable jury could have found the victim's identification of petitioner was unreliable because he did not know his assailant, it was nighttime, the victim admitted he did not pay attention to his assailant's clothes, petitioner was handcuffed when the victim identified him, and police told the victim prior to the show-up that they had recovered his property. Petitioner further appears to contend a jury could have rejected the victim's potential trial testimony because his testimony at the preliminary hearing was inconsistent with the physical evidence. Petitioner alleges the victim testified at the preliminary hearing that he had about $180 in his wallet and all his property was recovered from a bush. Petitioner alleges this testimony was inconsistent with other evidence that only $124 was recovered and a pack of cigarettes was found in petitioner's pocket.

Id. (footnotes added). The state habeas petition was dismissed on June 20, 2016. Id.

On December 4, 2016, petitioner filed the instant federal petition, wherein he challenges his convictions. Specifically, he alleges that his counsel was ineffective for the following reasons.

> 1. Trial counsel Duncan R. St. Clair, III (a/k/a/ Bob St. Clair), improperly induced petitioner to accept the plea agreement based on the false promise that petitioner's sentence would be "between (three) [sic] and (seven) [sic] years" without conducting a full investigation and where evidence exists for a reasonable [sic].
>
> 2. Trial counsel, Jennifer Stanton, told trial court [sic] at the hearing to withdraw petitioner's plea, without consulting the petitioner, that evidence of a reasonable defense to the robbery charge would be that petitioner was exercising his common law right to reclaim his property where petitioner told the judge at the same hearing that "I'm maintaining my innocence. I did not rob (the victim) [sic]."

Dkt. No. 7.

3

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts presented at the trial.[4] 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based upon an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

---

[4] Respondent argues that "petitioner must show that he is entitled to relief under the 'new rule' doctrine in Teague v. Lane, 489 U.S. 288 (1989) and its progeny." Dkt. No. 15 at 5. "[I]f the State does argue that the defendant seeks the benefit of a new rule of constitutional law, the court must apply Teague before considering the merits of the claim." Caspari v. Bohlen, 510 U.S. 383, 389 (1994). To the extent respondent is arguing that Teague applies, this argument fails because petitioner is not arguing any new rules of constitutional law.

4

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; a federal court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Analysis

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-pronged test established in Strickland v. Washington, 466 U.S. 668 (1984). Under this test, a petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The two prongs, deficient performance and prejudice, constitute "separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Therefore, a court can appropriately

dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697; see also Bell v. Cone, 535 U.S. 685, 695 (2002) (internal citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand."). A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell, 535 U.S. at 695; Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).

The Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket, 208 F.3d at 190. In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

### A. Claim One

In the first part of petitioner's first claim, he states that he was denied effective assistance of counsel because St. Clair induced him to enter a guilty plea based on the false promise that his sentence would be between three and seven years. More specifically, petitioner states that the trial court found that St. Clair led petitioner to believe that his sentence would be between three and five years, and therefore, "his guilty plea does not represent[] a voluntary and intelligent choice among the alternative course [sic] of action open to him because St. Clair did not conduct a full investigation and because evidence exists for a reasonable defense." Dkt. No. 7 at 9. Plaintiff claims that he "was adamant all the way throughout that he did not want to take the plea; that he was innocent and that he wanted to go to trial." Id. at 12. Petitioner "told [St. Clair], I ain't taking a plea .... [St. Clair] said 'Yo, that if you don't take the plea, I'm going to hold trial myself for two hours and convict you myself.'" Id. St. Clair also allegedly kept "threatening" petitioner with the possibility of a life sentence. Id. at 12-13.

The Supreme Court of Virginia dismissed this portion of petitioner's claim, finding that petitioner had not satisfied the prejudice prong of Strickland because "[u]nder the circumstances, petitioner cannot show that, but for counsel's errors, a reasonable person would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different." Record No. 151400.

Petitioner entered the plea agreement believing that he would receive an active sentence between three and five years. The plea agreement also allowed for "such other suspended time, fines, and terms and conditions of Probation that the Court deems appropriate." Therefore, petitioner has not shown that he would not have pled guilty but for St. Clair's actions because his sentence ended up being within the range petitioner anticipated according to his understanding of

7

the plea agreement he accepted. Accordingly, the state habeas court's decision that petitioner did not established that he was prejudiced by St. Clair's actions is neither contrary to, nor an unreasonable application of, existing federal law. Additionally, the state habeas court's determination does not rest upon an unreasonable finding of fact.

In the second part of petitioner's first claim, he argues that St. Clair did not investigate petitioner's "reasonable defense." Petitioner argues that St. Clair never provided him with a copy of the police officer's sworn statement, which served as the basis for issuing the arrest warrants. Id. at 14. Petitioner also argues and that he had a "reasonable defense." It appears as though petitioner is arguing that, had St. Clair conducted an investigation, petitioner would not have pled guilty, he would have gone to trial, and he would have been found innocent. Id. at 21. Specifically, petitioner asserts that, at trial, he could have argued that (1) the victim's identification of plaintiff was unduly suggestive and (2) the victim made inconsistent statements. Id. at 20-25.

The state habeas court denied petitioner's claim, finding that the arguments failed to satisfy either prong of the Strickland test. Specifically, the court found that

> [p]etitioner has failed to demonstrate what the DNA and fingerprint analysis or the officer's statement would have shown, and failed to articulate how they would be exculpatory.[5] Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, and proceeded to trial, and the outcome of the proceeding would have been different.

"[I]t is well-settled that 'an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced.'"

---

[5] Prior to petitioner pleading guilty, the trial court ordered that the wallet and a package of cigarettes recovered from the crime scene be tested for DNA and fingerprints. Id. Results were never submitted to the trial court. Case No. CR11001357.

8

Brizuela v. Clarke, 112 F. Supp. 3d 366, 376 (E.D. Va. 2015), appeal dismissed, 633 F. App'x 178 (4th Cir. 2016) (quoting Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir.1996); citing Bassette v. Thompson, 915 F.2d 932, 940–41 (4th Cir.1990) (petitioner must allege "what an adequate investigation would have revealed")). Petitioner makes no proffer as to what the officer's statement or the DNA and fingerprint testing would have revealed. In addition, petitioner's arguments that he would have been found innocent based on the victim's identification and inconsistent testimony is inapposite to the argument regarding St. Clair's investigation and is unsupported by the record. Thus, the state habeas court's finding is neither contrary to, nor an unreasonable application of, existing federal law. Additionally, the state habeas court's determination does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference and Claim One will be dismissed.

**B. Claim Two**

Petitioner's second claim is that he was denied effective assistance of counsel because, in support of withdrawing his guilty plea, Stanton argued that a reasonable defense was that plaintiff had a right to the victim's property, rather than supporting petitioner's argument that a reasonable defense was his innocence. Dkt. No. 7 at 26-27. Petitioner asserts that

> [a] competent attorney should not have told [the] trial court, without consulting with the petitioner, that evidence of a reasonable defense to the robbery charge would be that petitioner was exercising his common law right to reclaim his property where petitioner told the judge multiple times at the same hearing that "I'm maintaining my innocence. I did not rob the (victim) [sic]." [Stanton's] deficient performance in doing so clearly "fell below an objective standard of reasonableness." ... This is so because "[t]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Id. at 28-29.

The Supreme Court of Virginia dismissed this claim, finding that neither <u>Strickland</u> prong had been satisfied because

> [t]he record ... demonstrates the victim described petitioner to police within moments of the robbery. An officer noticed petitioner hurrying away from the scene of the robbery, noticed he matched the victim's description, and attempted to speak with him. Petitioner responded by fleeing, but was quickly stopped by a police dog. The victim's phone, wallet, money and cigarettes were found near petitioner as the robber. Prior to entering his guilty plea, petitioner told his attorneys the victim owed him money and had been avoiding him and that he had been attempting to collect that debt. In preparing for the motion to withdraw petitioner's plea, counsel discussed the case with petitioner, including petitioner's claim that he did not rob the victim, reviewed the discovery materials provide by the Commonwealth, and determined asserting petitioner's claim of right defense was the strongest defense she could assert in support of the motion. Although she acknowledged to the trial court that a claim of right defense based on petitioner's alleged attempt to collect an illegal debt might be untenable, counsel could reasonably have determined petitioner's proffered defense was equally implausible. Any assertion petitioner did not rob the victim based on the minor inconsistencies petitioner identifies or that the victim's identification of petitioner was unreliable would have amounted to no more than a "dilatory or formal" defense. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty and proceeded to trial, and the outcome of the proceeding would have been different.

Petitioner has not established that Stanton's argument as to what petitioner's "reasonable defense" was prejudiced him in any way. In fact, petitioner simply makes conclusory arguments that both of the <u>Strickland</u> prongs have been satisfied; however the evidence against petitioner was such that it was not unreasonable to determine that arguing that innocence was a reasonable defense would have failed. Accordingly, the state habeas court's finding is neither contrary to, nor an unreasonable application of, existing federal law. Additionally, the state habeas court's determination does not rest upon an unreasonable finding of fact. Therefore, the state habeas court's ruling is entitled to deference and Claim Two will be dismissed.

## IV. Evidentiary Hearing

In his Memorandum of Law, petitioner states that he believes an evidentiary hearing is necessary. Dkt. No. 7 at 29. Construed liberally, this will be taken as a Motion for an Evidentiary Hearing. Because the state habeas court decided petitioner's claims on the merits, an evidentiary hearing is not appropriate in this matter. Cullen v. Pinholster, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). Accordingly, this motion will be denied.

## V. Conclusion

Nothing in the state court record indicates that the state court decisions were either contrary to, or an unreasonable application of, clearly established federal law, nor did those decisions involve an unreasonable determination of the facts. Accordingly, this petition will be dismissed with prejudice by an Order to be issued with this Memorandum Opinion. Additionally, petitioner is not entitled to an evidentiary hearing, and his motion will be denied.

Entered this 18th day of April 2017.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

11